IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KRYSTLE XYLINA MILLER-ALBAREZ,

       Plaintiff,

v.                                                                             No. 1:23-cv-00598-WJ-LF

MICHELLE LUJAN GRISHAM,
CHILDREN, YOUTH AND FAMILIES DEPARTMENT,
KRISTINA RENEE GANTERT,
ARTHUR DUTCHOVER,
DAVID FINGER,
MATTHEW J. WILSON,
VIRIDIANA MEZA,
HECTOR BALDERAS,
MATTHEW ALBAREZ,
LAUREN TRUITT,
RAUL TORREZ,
SOCIAL SECURITY ADMINISTRATION and
JEFF TUTTER,

       Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff, who is proceeding *pro se*, filed a 157-page Complaint against 13 Defendants. *See* Civil Rights Complaint, Doc. 1, filed July 14, 2023 ("Complaint"). Plaintiff alleges: "The Governor and Children Youth and Family Department have stolen our names and social security numbers made me and my kids U.S. citizens and are sex trafficking me and my kids out to people all over the world." Complaint at 2, at 18-157 (allegations regarding other Defendants); *see also* Application to proceed *in forma pauperis* at 5, Doc. 2, filed July 14, 2023 (stating "I am stalked by people for the judges and others of Roswell, New Mexico they put a remote neural monitoring system in me and my kids to stalk us down and ruin our life and get us if we get away").

United States Magistrate Judge Laura Fashing notified Plaintiff:

It appears the Court should dismiss this case because Complaint does not show that Court has jurisdiction over this matter.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").  As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction.  *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck* v. *United Servs*. *Auto*. *Ass'n,* 859 F.2d 842, 843 (10th Cir.1988).

The Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required by Fed. R. Civ. P. 8(a)(1).  "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Davison v. Grant Thornton LLP*, 582 Fed.Appx. 773, 775 (10th Cir. 2014) (quoting *Martinez v. U.S. Olympic Committee*, 802 F.2d 1275, 1280 (10th Cir. 1986)).  Although Plaintiff filed her Complaint using a form which states "Jurisdiction is invoked pursuant to 28 U.S.C. § 1343(3), 42 U.S.C. § 1983," the Complaint does not show that the Court has federal question jurisdiction over this matter because it does not identify any statutory or constitutional provisions under which Plaintiff's claims arise.  The Complaint shows that there is no basis for diversity jurisdiction under 28 U.S.C. § 1332 . . . [because] The Complaint alleges that Plaintiff and several Defendants reside in the State of New Mexico.

Order to Show Cause at 3-4.

Judge Fashing also notified Plaintiff the Complaint fails to state a claim against: (i) many of the Defendants because it does not allege sufficient facts to show that Plaintiff is entitled to relief from each Defendant; (ii) Defendant CYFD because CYFD, as an arm of the State, is immune from suit; (iii) Defendant Hector Balderas, who is the former New Mexico Attorney General, Defendant Raul Torrez, who is the current New Mexico Attorney General, and Defendant Viridiana Meza, who is a CYFD supervisor, in their official capacities for damages because the State of New Mexico's Eleventh Amendment immunity extends to state officials who are sued for damages in their official capacity; (iv) Defendants David Finger and Matthew

Wilson, who are state-court judges, because this Court cannot not interfere with state court proceedings when such relief could adequately be sought before the state court or where the relief requested would necessarily undo the state court's judgment, and because state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity; and (v) the Social Security Administration for fraud because the United States is the only proper defendant in a federal tort claims action and Plaintiff has not named the United States, and because the Complaint does not allege facts showing that Plaintiff has exhausted her administrative remedies.  *See* Order to Show Cause at 4-7 (also notifying Plaintiff she cannot assert claims on behalf of her children because Plaintiff is not an attorney authorized to practice before this Court).

Judge Fashing ordered Plaintiff to show cause why the Court should not dismiss her claims for the reasons stated above and to file an amended complaint.  *See* Order to Show Cause at 10.  Plaintiff did not respond to Judge Fashing's Order to Show Cause or file an amended Complaint by the August 11, 2023, deadline.

The Court dismisses this case without prejudice for lack of subject-matter jurisdiction because: (i) the Complaint did not contain a statement of the grounds for the Court's jurisdiction as required by Fed. R. Civ. P. 8(a)(1), did not identify the statutory or constitutional provision under which Plaintiff's claim arise and did not allege sufficient facts showing that the case is one arising under federal law; (ii) Plaintiff did not show cause why the Court should not dismiss this case for lack of jurisdiction; and (iii) Plaintiff did not file an amended complaint containing a statement of the grounds for the Court's jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir.2006) ("[D]ismissals

for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**